**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mildred Calender, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 767 |
| | ) | |
| Leading Edge Recovery Solutions, LLC, | ) | |
| an Illinois limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mildred Calender, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Mildred Calender ("Calender"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt she owed for an AT&T Wireless account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Leading Edge Recovery Solutions, LLC ("LERS") is an Illinois limited liability company, headquartered in Chicago, Illinois, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant LERS operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant LERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Calender.

5. Defendant LERS is licensed to conduct business in Illinois, is headquartered here and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, LERS conducts business in Illinois.

6. Moreover, Defendant LERS is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, LERS acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Calender is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant LERS began trying to collect a delinquent AT&T Wireless debt from Ms. Calender, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant LERS's collection actions.

8. Via a letter dated November 29, 2010, and faxed on November 30, 2010, one of Ms. Calender's attorneys at LASPD told LERS, in writing, that Ms. Calender was represented by counsel, and directed LERS to cease contacting her, and to cease all

further collection activities because Ms. Calender was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.	Nonetheless, Defendant LERS continued to call Ms. Calender to demand payment of the AT&T debt, including, but not limited to, a telephone call by one of Defendant LERS' debt collectors, "Regina", on January 17, 2011, from 888-306-0549, extension 4181.

10.	Accordingly, on January 18, 2011, one of Ms. Calender's LASPD attorneys had to write to Defendant LERS again to demand that it cease communication and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.	All of Defendant LERS's collection actions complained of herein occurred within one year of the date of this Complaint.

12.	Defendant LERS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.	Plaintiff adopts and realleges ¶¶ 1-12.

14.	Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Calender's agent, LASPD, told Defendant LERS to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant LERS violated § 1692c(c) of the FDCPA.

16. Defendant LERS's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant LERS knew that Ms. Calender was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant LERS to cease directly communicating with Ms. Calender. By directly calling Ms. Calender, despite being advised that she was represented by counsel, Defendant LERS violated § 1692c(a)(2) of the FDCPA.

20. Defendant LERS's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mildred Calender, prays that this Court:

1. Find that Defendant LERS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Calender, and against Defendant LERS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mildred Calender, demands trial by jury.

                        Mildred Calender,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

Dated: February 3, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5